1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THE VUE ON SEAMIST, LLC,                    No.  2:25-cv-00996-DAD-CSK (UD) (PS)

12                 Plaintiff,

13          v.                                    ORDER *SUA SPONTE* REMANDING CASE
                                                  TO SACRAMENTO COUNTY SUPERIOR
14   SCHIRELLE ROBERTSON,                         COURT AND DENYING MOTION TO
                                                  PROCEED *IN FORMA PAUPERIS* AS MOOT
15                 Defendant.
                                                  (Doc. No. 2)
16

17

18          This is an unlawful detainer action brought under California state law by plaintiff The Vue

19   on Seamist, LLC.  On April 2, 2025, defendant, proceeding *pro se*, removed this case to this

20   federal court from the Sacramento County Superior Court and filed a motion to proceed *in forma*

21   *pauperis*.  (Doc. Nos. 1, 2.)

22          A district court has "a duty to establish subject matter jurisdiction over the removed action

23   *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell*

24   *& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is

25   strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,

26   599 F.3d 1102, 1107 (9th Cir. 2010).  It is presumed that a case lies outside the limited

27   jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party

28   asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07.  In addition, "the existence

                                                    1

of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated

defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*,

213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction"

means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip

Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed

case "must be rejected if there is any doubt as to the right of removal in the first instance."

*Geographic Expeditions*, 599 F.3d at 1107. "If at any time prior to judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c);

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c)

"is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also

California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears,

as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the

case shall be remanded." 28 U.S.C. § 1447(c).

      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*,

215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838. Under the well-pleaded

complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own

claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses

which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a

case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in

the plaintiff's complaint and both parties concede that the federal defense is the only question

truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Vaden v.

Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks

somewhere inside the parties' controversy, or that a defense or counterclaim would arise under

federal law.").

      Here, defendant has not shown that removal of this action to this federal court is

appropriate. The removal notice does not provide clarity as to the exact allegations appearing in

the complaint.  (Doc. No. 1 at 1–2.)  Defendant's exhibits attached to her notice of removal are similarly unavailing since they consist only of:  (1) what appears to be a March 20, 2025 stipulated judgment from the Sacramento County Superior Court resolving the unlawful detainer action brought by plaintiff against defendant; and (2) what appears to be a notice of the filing of plaintiff's unlawful detainer complaint against defendant on January 27, 2025 in the Sacramento County Superior Court.  (Doc. No. 1-1.)  Although defendant appears to allege that the state action and the underlying complaint reflect "violations against the civil and constitutional rights" of defendant which gives "independent rise to federal subject-matter jurisdiction," the complaint is not before the court.  (Doc. No. 1 at 1.)  Because the court has no basis upon which to determine whether federal question jurisdiction exists "on the face of the plaintiff's properly pleaded complaint," defendant has failed to properly invoke this court's federal question jurisdiction.  *California*, 215 F.3d at 1014.

Further, even though defendant does not invoke diversity jurisdiction, the court notes that, because the state court complaint is not before the court and the notice of removal does not contain allegations regarding diversity or the amount in controversy, the court cannot determine whether the parties are diverse or whether it is "facially evident from the complaint that more than $75,000 is in controversy."  *Valdez*, 372 F.3d at 1117.  The court thus concludes that defendant has not alleged the minimum amount-in-controversy or diversity of citizenship required to establish diversity jurisdiction either.  *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 850 (9th Cir. 2020).

Accordingly, remand of this case to the Sacramento County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1.     This action is REMANDED forthwith to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

/////

/////

3

4.    Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as having

been rendered moot by this order; and

5.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 3, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4